# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Cynthia G. Jackson, ) | Civil Action No.: 2:18-cv-02141-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Nancy A. Berryhill, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 19, 2019 (ECF No. 17). In the Report, the Magistrate Judge addresses Plaintiff Cynthia Jackson's claim for disability insurance benefits ("DIB") and recommends that the court reverse the decision of the Commissioner of the Social Security Administration ("the Commissioner") and remand the action for further administrative proceedings. (*Id*. at 11.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 17.) As brief background, Plaintiff filed an application for DIB on March 11, 2014, and her application was denied both initially and on reconsideration. (*Id*. at 1.) After conducting a hearing on March 1, 2017, an administrative law judge ("ALJ") determined, on October 12, 2017, that Plaintiff was not disabled. (ECF No. 6-2 at 16.) At the hearing, a "vocational expert testified that an individual with Plaintiff's age, education, work

experience, and [Residual Functional Capacity ("RFC")] limitations, would be able to perform the following jobs: small parts assembler (DOT[1] 706.684-022), electronics worker (DOT 726.687-010), and shipping/receiving weigher (DOT 222.387-074)." (ECF No. 6-2 at 9.) The expert further testified that her testimony "was consistent with the information" found in the DOT and based on her training, education, and experience in job placement. (*Id*. at 99-100.) The ALJ denied Plaintiff's disability benefits on this basis because Plaintiff was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 16.) Plaintiff argues that a conflict exists because the occupations identified by the expert have a General Educational Development ("GED") reasoning level of two, which exceeds her limitation that she can "perform simple, routine, and repetitive tasks." (*Id*. at 6.) Plaintiff's request for the Appeals Council to review the ALJ's decision was denied on June 28, 2018. (ECF No. 6-2 at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. *Moody v. Chater*, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F. 3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on August 8, 2018. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that there is an apparent conflict between Plaintiff's RFC limitation that she can "perform simple, routine, and repetitive tasks" and jobs that require a reasoning level two as defined in the DOT. (ECF No. 17 at 8.) Specifically, the Report noted that the ALJ's failure to elicit any additional explanation from the vocational expert that would resolve the apparent conflict leaves the Commissioner without substantial evidence to meet

---

[1] The Dictionary of Occupational Titles ("DOT") was developed as the main source of occupational information for the Social Security Administration.

her burden. (*Id.* at 9.) Upon making a conclusion regarding the ALJ, the Report ultimately recommended that the court reverse the decision of the Commissioner and remand the action for further administrative proceedings. (*Id.* at 22.) The parties were apprised of their opportunity to file specific objections to the Report on August 19, 2019. (*Id.* at 10.) Objections to the Report were due by September 3, 2019. (*Id.*) Neither party has filed objections to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F. 2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F. 2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F. 2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh [sic]

3

conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F. 3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F. 3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F. 2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

The Magistrate Judge concluded there is an apparent conflict between Plaintiff's limitation in her RFC to "simple, routine, and repetitive tasks" and jobs that require reasoning level two as defined in the DOT. (ECF No. 17 at 8.) The ALJ found that Plaintiff was not disabled; however, the ALJ failed to resolve the conflict in the vocational expert's testimony. (*Id*. at 9.) Additionally, the ALJ failed to elicit additional explanation from the vocational expert that would resolve this apparent conflict. (*Id*.) In *Thomas v. Berryhill*, the court explains the ALJ's role in resolving conflicts between vocation expert testimony and the DOT, stating

> [a]n ALJ cannot rely unquestioningly on a VE's testimony. Rather, an ALJ must ensure that any "apparent" conflicts between the Dictionary and the VE's testimony are reasonably resolved. SSR 00-4P, 2000 WL 1898704 at *2. To that end, the ALJ must ask the VE whether his or her testimony conflicts with the DOT. If the answer is "yes," the ALJ "must elicit a reasonable explanation for the conflict before relying on" the testimony. *Id*. But even if the VE answers "no," the ALJ has an affirmative "duty to make an independent identification of apparent conflicts." *Pearson v. Colvin*, 810 F. 3d 204, 210 (4th Cir. 2015). This means that the ALJ must recognize and resolve ways in which a VE's testimony "seems to, but does not necessarily," conflict with the "express language" of the DOT—even if the conflict is not "obvious." *Id.* at 209. The Commissioner argues that "any errors in the ALJ's decision are harmless." (ECF No. 17 at 9.)

916 F. 3d 307, 313–14 (4th Cir. 2019).

The sequential process for determining disability benefits requires the Commissioner to consider whether the claimant has an impairment which prevents her from doing substantial gainful employment. The Commissioner may carry the burden of demonstrating jobs available in the national economy which the claimant can perform despite the existence of impairment by

4

obtaining testimony from a vocational expert. *Monroe v. Colvin*, 826 F. 3d 176, 180 (4th Cir. 2016). In the instant case, it is apparent that the ALJ failed to comply with authority from the Fourth Circuit and in this district because the ALJ never inquired about conflicts between the vocational expert's testimony and the DOT. (ECF No. 17.) Upon review, the Magistrate Judge's Report indicates that the court was unable to determine that the ALJ's decision was supported by substantial evidence. As such, after careful review of the Report, the court is required to remand the action for further administrative proceedings. The Commissioner argues that "any errors in the ALJ's decision are harmless." (ECF No. 17 at 9.) However, it is unclear if the harmless error doctrine applies where, as here, "an insufficient record precludes a determination that substantial evidence support[s] the ALJ's denial of benefits." *Keller v. Berryhill*, 754 F. App'x 193, 199 (4th Cir. 2018).

Plaintiff presented additional arguments against the ALJ's decision. (ECF No. 17 at 11.) The court need not consider these arguments because the ALJ will have an opportunity to reconsider the entire decision and will reexamine the evidence in totality during the *de novo* review. *See Fleeger v. Berryhill*, No. 16-318, 2017 WL 143193, at *4 n.3 (W.D. Pa. Apr. 24, 2017) (declining to consider an additional argument by a claimant because the claimant's RFC would be reconsidered de novo by an ALJ); *Astuto v. Colvin*, 16-CV-1870 (PKC), 2017 WL 4326508, at *8 n.7 (E.D.N.Y. Sept. 28, 2017) (declining to consider an additional argument by a claimant because the action would be considered de novo by an ALJ). Thus, the court need not consider Plaintiff's additional arguments because the ALJ will oversee new administrative proceedings.

## IV. CONCLUSION

After a thorough review, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17), **REVERSES** the decision of the Commissioner of Social Security Administration, and **REMANDS** the action for further administrative proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 4, 2019
Columbia, South Carolina